**Opinion issued August 6, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-23-00398-CV

_____

**CLAY BAILEY, Appellant**

v.

**CHANDLER CARRENS AND KAREN CARRENS, Appellees**

On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2021-57097

## MEMORANDUM OPINION

Appellant Clay Bailey appeals the no-evidence summary judgment granted by the trial court in favor of appellees Chandler Carrens and Karen Carrens. Bailey contends that the trial court improperly granted summary judgment against him on a negligence per se cause of action not addressed in the Carrenses' motion.

Because negligence per se is not a separate cause of action, but instead a method of proving the breach-of-duty element of a common-law negligence cause of action, we conclude that the Carrenses no-evidence motion for summary judgment encompassed Bailey's negligence per se claim. We affirm.

## Background

Bailey filed suit against the Carrenses on September 7, 2021. In his petition, Bailey argued that the Carrenses' negligence and negligence per se caused a car accident in which Bailey was rear-ended and injured by the Carrenses.

On January 18, 2023, the Carrenses filed a no-evidence motion for summary judgment under what was then rule 166a(i) of the Texas Rules of Civil Procedure (the Summary Judgment Motion).[1] The trial court granted the Summary Judgment Motion on February 13, 2023 (the Summary Judgment Order).[2] Thirty days later, on March 15, 2023, new counsel for Bailey filed a motion for reconsideration of the Summary Judgment Order, arguing in part that the Summary Judgment Motion had challenged only Bailey's negligence claim and not his claim of negligence per se. In their April 20, 2023 response, the Carrenses argued in part that their motion

---

[1]  References herein to rule 166a of the Texas Rules of Civil Procedure are to the version of the rule in effect as of the trial court's summary judgment.

[2]  Although the trial court's February 13, 2023 order did not state with unmistakable clarity or otherwise show that it was intended to be a final judgment as to all claims and parties, the parties treated it as such. And the trial court has since clarified that its order was intended to be a final judgment disposing of all claims and parties.

had referenced "claims of negligence," which included negligence, negligence per se, and negligent entrustment. On April 25, 2023, the trial court signed an order that the parties agree had the effect of denying Bailey's motion for reconsideration.

On May 25, 2023, Bailey filed a notice of appeal from "the Final Order in this case." Bailey filed his notice of appeal 101 days after the trial court's Summary Judgment Order, and 30 days after the trial court's April 25, 2023 denial of his motion for reconsideration.

Bailey argues on appeal that the trial court improperly granted summary judgment against him on a cause of action, i.e., negligence per se, not addressed in the Carrenses' Summary Judgment Motion. In response, the Carrenses argue that: (1) this Court does not have subject matter jurisdiction because Bailey's notice of appeal was not timely; and (2) the trial court properly dismissed all of Bailey's claims, including his claim of negligence per se. In his reply, Bailey argued in part that he had timely filed his notice of appeal within 30 days of the trial court's April 25, 2023 denial of his motion for reconsideration, which was "the last ruling from the Trial Court."

**Timeliness of the Appeal**

Absent a timely notice of appeal, this Court is without jurisdiction to consider this appeal. *Mitschke v. Borromeo*, 645 S.W.3d 251, 260-61 (Tex. 2022) (stating "absence of a timely notice of appeal prevents the appellate court from

3

ever exercising jurisdiction" and, "[w]ithout jurisdiction, the court of appeals is powerless to entertain an appeal"). Under rule 26.1 of the Texas Rules of Appellate Procedure, in a civil case, a "notice of appeal must be filed within 30 days after the judgment is signed." Accordingly, to appeal the trial court's February 13, 2023 Summary Judgment Order, Bailey was required to file a notice of appeal on or before March 15, 2023. Bailey's May 25, 2023 notice of appeal therefore appears to be untimely.

However, the deadline for filing a notice of appeal is extended to "90 days after the judgment is signed if any party timely files: (1) a motion for new trial; [or] (2) a motion to modify the judgment . . . ." TEX. R. APP. P. 26.1(a). The appellate record reflects that Bailey filed a timely motion for reconsideration of the trial court's order granting the Carrenses' no-evidence motion for summary judgment, which was the equivalent of a motion for new trial and thus had the effect of extending the appellate deadline to 90 days. *See Harper v. Walker*, No. 01-23-00928-CV, 2025 WL 1942951, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2025, no pet.) (mem. op.) ("If a party timely files a motion for reconsideration, then the notice of appeal is due within 90 days after the judgment is signed."); *Adams v. Ross*, No. 01-15-00315-CV, 2016 WL 4128335, at *2 (Tex. App.— Houston [1st Dist.] Aug. 2, 2016, no pet.) (mem. op.) ("We treat a motion for reconsideration that seeks modification or reversal of a judgment as a motion for

new trial."). Accordingly, Bailey's deadline for filing a notice of appeal was extended to May 15, 2023. Under the extended deadline, Bailey's May 25, 2023 notice of appeal remains untimely filed.

In their brief, the Carrenses argued that the appeal should be dismissed because Bailey failed to timely file a notice of appeal and therefore did not invoke this Court's appellate jurisdiction. In his reply brief, Bailey argued that his May 25, 2023 notice of appeal was timely because it was filed within 30 days of the trial court's April 25, 2023 order denying his motion for reconsideration. However, the denial of a motion for reconsideration does not extend the deadline to file a notice of appeal to 30 days after that order. *See Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1-2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) (noting that "an order denying a motion for reconsideration or motion for new trial is not independently appealable" and "the time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial").

However, rule 26.3 of the Texas Rules of Appellate Procedure allows for an extension of the deadline to file a notice of appeal if, within 15 days after the deadline for filing a notice of appeal, an appellant files a notice of appeal in the trial court and a motion for extension of time to file a notice of appeal in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3. Taking this extension into

5

account, Bailey was required to file a notice of appeal in the trial court, and a motion for extension of time to file a notice of appeal in this Court, no later than May 30, 2023.

Bailey's May 25, 2023 notice of appeal was filed within this extended deadline. This Court's records do not indicate that Bailey filed a motion to extend the deadline for filing a notice of appeal. However, the Texas Supreme Court has concluded that a motion for extension of time to file a notice of appeal is implied when an appellant, acting in good faith, files a notice of appeal beyond the deadline created by rule 26.1 of the Texas Rules of Appellate Procedure but within the 15-day extended period provided by rule 26.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.1, 26.3; *Vergburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997); *Griffin v. Galveston Cnty.*, No. 01-23-00377-CV, 2023 WL 5353372, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2023, pet. denied) (mem. op.).

Because Bailey's notice of appeal was filed within the 15-day extended period, a motion for extension of time is implied. But Bailey must still offer a reasonable explanation for his failure to timely file a notice of appeal. TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *In re A.J.U.*, No. 01-16-00371-CV, 2016 WL 3946925, at *1 (Tex. App.—Houston [1st Dist.] July 19, 2016, no pet.) (mem. op.). In this context, a reasonable

explanation includes any plausible statement of circumstances indicating that Bailey's failure was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *In re S.V.*, 697 S.W.3d 659, 661 (Tex. 2024) (citing *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977) (applying rule 26.3's predecessor)). For example, a mistake regarding the law is a reasonable explanation for the purpose of deciding whether to grant an implied motion for extension. *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *Gantt v. Harris Cnty.*, 674 S.W.3d 553, 558 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

As noted above, after the Carrenses argued that Bailey's notice of appeal was untimely, Bailey, in his reply brief, argued incorrectly that his notice of appeal was timely because he "had thirty (30) days from the date of the last ruling from the [t]rial [c]ourt to file" his notice of appeal. Bailey argued in the alternative that an extension of the deadline to file his notice of appeal was warranted due to his counsel's trial and appellate dockets. Bailey thus provided plausible statements of circumstances indicating that his failure to timely file his notice of appeal was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. Treating the notice of appeal as an implied motion for extension of time to file a notice of appeal, we grant the motion. *See* TEX. R. APP. P. 26.3.

7

**Summary Judgment Order**

Having determined that the notice of appeal was timely filed, and thus that we have jurisdiction to reach the issue, we turn to Bailey's claim that the trial court improperly granted summary judgment against him on his claim of negligence per se because that cause of action is not addressed in the Summary Judgment Motion. Specifically, Bailey argues that the Carrenses' Summary Judgment Motion "only addressed [his] cause of action for negligence [and] failed to address[] [his] cause of action for negligence per se."

We review de novo a trial court's grant of summary judgment. *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 (Tex. 2025). After an adequate time for discovery, a party may move for no-evidence summary judgment by identifying elements of a claim or defense for which there is no evidence. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmoving party produces summary judgment evidence raising a genuine issue of material fact. *Id.* "A no-evidence motion provides adequate notice when the motion describes the challenged elements in sufficient detail to identify them." *State v. $3,774.28 in U.S. Currency*, 713 S.W.3d 381, 388 (Tex. 2025).

In his petition, Bailey asserted claims for negligence and negligence per se and sought damages over $200,000 but not more than $1,000,000. "The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty;

8

and (3) damages proximately resulting from that breach." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). Negligence per se is a common-law claim applying when a trial court determines that the violation of a statute is negligence as a matter of law. *See Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001). To establish negligence per se, a plaintiff must prove that (1) the defendant's act or omission violates a statute or ordinance, (2) the injured person is within the class of persons that the statute or ordinance was designed to protect, and (3) the defendant's act or omission proximately caused the injury.[3] *See Metro. Transit Auth. of Harris Cnty. v. Trans-Global Sols., Inc.*, No. 01-22-00434-CV, 2023 WL 3742349, at *8 (Tex. App.—Houston [1st Dist.] June 1, 2023, pet. denied) (mem. op.).

Negligence per se is not a separate cause of action that exists independently of a common-law negligence cause of action. *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Rather, negligence per se is merely one *method* of proving a breach of duty, a requisite element of any negligence cause of action. *Id.*

In their Summary Judgment Motion, the Carrenses stated that Bailey has "pursued claims of negligence and damages against" them. The Carrenses argued

---

[3] In his petition, Bailey asserted that the Carrenses were liable for negligence per se because they violated section 545.351 of the Texas Transportation Code. *See* TEX. TRANSP. CODE § 545.351 (titled "Maximum Speed Requirement").

that, to "prevail on a negligence cause of action, a plaintiff must establish that the defendant owed him a duty, the defendant breached that duty, and the breach proximately caused his damages." The Carrenses argued further that:

> Plaintiff has produced no evidence of injury or damages. Plaintiff has not produced medical bills, medical records, photographs or any other evidence to even show an accident between Plaintiff and Defendant [sic] occurred.

> Accordingly, essential elements necessary to prove the Plaintiff's claim against this Defendant [sic] are unsupported by any evidence, and the Plaintiff's claim of negligent entrustment against this defendant must fail as a matter of law.

The Carrenses' reference to a negligent entrustment claim here and in its response to Bailey's motion for reconsideration appear to have been mistakes by the Carrenses' counsel. In his petition, Bailey alleged that one of the Carrenses was driving the vehicle that rear-ended him. He made no express reference to a negligent entrustment claim.[4] Nor do the parties make any express reference to a negligent entrustment claim in their briefs on appeal. The trial court nevertheless

---

[4] To prevail on a negligent entrustment claim, a plaintiff must prove (1) the entrustment of a vehicle by the owner, (2) to an unlicensed, incompetent, or reckless driver, (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless, (4) that the driver was negligent on the occasion in question, and (5) the driver's negligence proximately caused the accident and plaintiff's injuries. *Brown v. McClure*, No. 01-19-00504-CV, 2021 WL 6119990, at *7 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007)).

interpreted the Carrenses' motion as "assert[ing] that [Bailey's] negligence claims fail as a matter of law because there was 'no evidence of injury or damages' as required to support a negligence claim under Texas law," and intended in granting the motion to grant a final judgment as to all claims and parties.

Our interpretation of the scope of the Summary Judgment Motion matches that of the trial court, including that the reference to an unpled claim of negligent entrustment was a mistake by the Carrenses' counsel. The Carrenses noted Bailey's "claims of negligence and damages," listed the essential elements of a negligence cause of action, and argued that Bailey had "produced no evidence of injury or damages." Because negligence per se is not a separate cause of action, but instead a method of proving the breach-of-duty element of a common-law negligence cause of action, *see Thomas* 290 S.W.3d at 445, we reject Bailey's argument that the Summary Judgment Motion addressed only his negligence claim and not his cause of action for negligence per se. Moreover, the Carrenses described the challenged element of Bailey's negligence claims—the damages element—in sufficient detail to identify it. *See $3,774.28*, 713 S.W.3d at 388.

We overrule Bailey's only point of error.

## Conclusion

We affirm the trial court's judgment.

11

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.